UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| BRENT D. HALE, | ) Case No. 08-16479 EEB |
| | ) |
| Debtor. | ) |
| _____ | ) |
| | ) |
| M. STEPHEN PETERS, TRUSTEE, | ) Adv. Pro. No. _____ |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MARY E. O'DONNELL, a/k/a | ) |
| MARY E. O'DONNELL HALE, a/k/a | ) |
| MARY BETH HALE, | ) |
| Defendant. | ) |

**COMPLAINT TO AVOID FRAUDULENT TRANSFERS**

Plaintiff M. Stephen Peters, trustee, by and through his undersigned counsel, for his Complaint against Mary E. O'Donnell, a/k/a Mary E. O'Donnell Hale, a/k/a Mary Beth Hale, states and alleges as follows:

**JURISDICTION, VENUE, AND PARTIES**

1. Brent D. Hale ("**Debtor**") filed his voluntary Chapter 7 petition on May 13, 2008 ("**Petition Date**").

2. Plaintiff M. Stephen Peters, trustee ("**Trustee**") is the duly appointed Chapter 7 trustee for the Debtor's bankruptcy estate.

3. Mary E. O'Donnell, a/k/a Mary E. O'Donnell Hale, a/k/a Mary Beth Hale ("**Mary**") is, and at all times pertinent hereto was, the Debtor's wife.

4. The Court has jurisdiction over the subject matter of this proceeding, pursuant to 28 U.S.C. § 1334 and 28 U.S.C. §§ 157(a) and 157(b)(1).

5. This is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(A), (H), and (O).

6. Venue is proper in this district, because the Debtor's main case is pending in this district.

## GENERAL ALLEGATIONS

7. Mary presently holds legal title to a residence and real property located at 397 Sunset Drive, Fraser, Colorado, 80478 ("**Sunset Drive Property**"). The Sunset Drive Property is more particularly described as follows:

> Lot 4
> Block 7
> SUNSET RIDGE - FILING NO. 2
> according to the Plat thereof filed November 4, 1971, at Reception No. 120143
> County of Grand
> State of Colorado

The Sunset Drive Property is also known by the following street address: 397 Sunset Drive, Tabernash, Colorado, 80478.

8. Mary also presently holds legal title to a residence and real property located at 229 Sunset Trail, Fraser, Colorado, 80442 ("**Sunset Trail Property**"), which is more particularly described as follows:

> Lot 11
> SUNSET RIDGE ESTATES SUBDIVISION EXEMPTION III
> according to the plat thereof filed November 2, 1994, at Reception No. 94012344
> County of Grand
> State of Colorado

The Sunset Trail Property is also known by the following street address: 229 County Road 8316, Tabernash, Colorado, 80478.

9. The Sunset Drive Property was acquired jointly by the Debtor and Mary in 1993.

10. Prior to 2000, the Debtor became a principal in Fraser Valley Development, LLC ("**Fraser**"), which owned undeveloped real estate in or near Winter Park, Colorado.

11. During 2000, Fraser entered into a contract with Hyder Construction, Inc. ("**Hyder**") to act as general contractor to construct a resort on the real estate. The Debtor executed a written guaranty of Fraser's obligations to Hyder under the construction contract.

12.     As a result of Fraser's inability to obtain adequate financing, work on the project ceased before completion and Fraser defaulted in its obligations to Hyder under the construction contract.

13.     In early 2001, Hyder commenced a civil action against Fraser, the Debtor, and others, seeking foreclosure of its mechanic's lien and monetary damages for breach of the construction contract. The civil action was captioned, *Hyder Construction, Inc. v. Fraser Valley Development, LLC, et al.*, Civil Action No. 2001 CV 27, in the District Court for Grand County ("**Guaranty Lawsuit**").

14.     In 2002, while the Guaranty Lawsuit was pending, Hyder entered into a settlement with certain parties other than the Debtor. As part of the settlement, Hyder assigned its claims against the Debtor to V.R.I. of Colorado, Inc. ("**VRI**"). Thereafter, VRI was substituted in Hyder's place in the Guaranty Lawsuit.

15.     In due course, a trial of the Guaranty Lawsuit was set for December 13, 2004.

16.     By a Quitclaim Deed recorded on January 25, 2002, the Debtor transferred his interest in the Sunset Drive Property to Mary.

17.     By a Quitclaim Deed recorded on August 25, 2004, Mary transferred the Debtor's interest in the Sunset Drive Property back to the Debtor, as co-owner with Mary, to facilitate obtaining a loan from Washington Mutual. By Quitclaim Deed recorded on October 20, 2004, the Debtor again transferred his interest in the Sunset Drive Property to Mary.

18.     On December 13, 2004, the Grand County District Court entered judgment in favor of the Debtor on VRI's guaranty claims. VRI appealed the adverse ruling to the Colorado Court of Appeals. On November 9, 2006, the Colorado Court of Appeals vacated the December 13, 2004 judgment and remanded the case for trial. The Debtor filed a petition for a writ of certiorari from the Colorado Supreme Court. However, that petition was denied on June 25, 2007. The Colorado Court of Appeals issued its mandate on June 28, 2007.

19.     On remand, the Grand County District Court set a new trial of VRI's guaranty claims against the Debtor for May 14, 2008. The Debtor filed this bankruptcy case the day before the trial.

20.     The Sunset Trail Property was acquired jointly by the Debtor and Mary in late December of 2007. The Warranty Deed from the sellers to the Debtor and Mary was recorded on December 31, 2007. The purchase price was $925,000.00.

21. On or about January 15, 2008, the Debtor transferred his interest in the Sunset Trail Property Mary, by means of a Quitclaim Deed. Said deed was recorded in the real estate records of Grand County, Colorado, on January 22, 2008.

22. Although the Debtor transferred his interest in the Sunset Trail Property to Mary approximately four months before the Petition Date, the Debtor failed to disclose the transfer in his Statement of Financial Affairs.

23. The Debtor is personally liable on all mortgages against the Sunset Drive and Sunset Trail Properties. The Debtor and Mary have routinely paid monthly payments on the mortgages from joint accounts and/or with joint funds. Both properties have significant equity.

24. The Debtor's 2002 and 2004 transfers to Mary of his interest in the Sunset Drive Property and his 2008 transfer to Mary of his interest in the Sunset Ridge Property (collectively, "**Transfers**") were made with the actual intent to hinder, delay, and defraud the Debtor's creditors, including, without limitation, VRI.

25. The Debtor did not receive reasonably equivalent value in exchange for the Transfers and the Debtor was insolvent at the time the Transfers were made or became insolvent as a result thereof.

### FIRST CLAIM FOR RELIEF
(Avoidance of Fraudulent Transfers, 11 U.S.C. § 544(a))

26. The Trustee incorporates each of the foregoing allegations the same as if set forth herein, verbatim.

27. Pursuant to 11 U.S.C. § 544(a), the Trustee has the rights and powers, as of the Petition Date, of a judicial lien creditor of the Debtor.

28. The Transfers are avoidable by the Trustee pursuant to 11 U.S.C. §§ 544(a) and applicable non-bankruptcy law, including, without limitation C.R.S. §§38-8-105(1)(a).

WHEREFORE, the Trustee demands judgment as prayed for below.

### SECOND CLAIM FOR RELIEF
(Avoidance of Fraudulent Transfers, 11 U.S.C. § 544(b))

29. The Trustee incorporates each of the foregoing allegations the same as if set forth herein, verbatim.

30. VRI holds an unsecured claim that is allowable under 11 U.S.C. § 502.

31. Pursuant to 11 U.S.C. § 544(b), the Trustee succeeds to the avoidance powers VRI.

32. The Transfers are avoidable by the Trustee pursuant to 11 U.S.C. §§ 544(b) and applicable non-bankruptcy law, including, without limitation C.R.S. §§38-8-105(1)(a) and 38-8-106.

WHEREFORE, the Trustee demands judgment as prayed for below.

### THIRD CLAIM FOR RELIEF
**(Avoidance of Fraudulent Transfers, 11 U.S.C. §§ 548(a)(1)(A) and (B))**

33. The Trustee incorporates each of the foregoing allegations the same as if set forth herein, verbatim.

34. The 2008 transfer of the Sunset Trail Property is avoidable pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 548(a)(1)(B)(i) and (ii)(I).

WHEREFORE, the Trustee demands judgment as prayed for below.

### PRAYER FOR RELIEF

The Trustee demands judgment against Defendant avoiding the Transfers, declaring that the Trustee and Defendant are equal co-owners of the Sunset Drive and Sunset Ridge Properties, as tenants in common, for his costs and attorney's fees (if appropriate), and for such other and further relief as is just.

Dated: August 7, 2008

PEARLMAN & DALTON, P.C.
by: /s/ Philip A. Pearlman
Philip A. Pearlman, #11426
1775 Sherman Street, Suite 2828
Denver, Colorado 80203
Ph.: (303) 572-3000
Fax: (303) 572-7533
E-mail: ppearlman@pearlmandalton.com
ATTORNEYS FOR PLAINTIFF
M. STEPHEN PETERS, TRUSTEE